# Eagle Iron Co. *v.* McCord.

## *Assumpsit.*

(Decided July 2, 1907. 44 South. 607.)

1. *Appeal and Error; Matters Shown by the Record.*—The mere statement of the general nature of the motion in the bill of exceptions does not present for review the action of the circuit court in its rulings on the admissibility of testimony upon the trial of the motion; the motion should be set out in full, together with the evidence and the objection thereto.

2. *Same; Questions Presented.*—Objection to evidence where the evidence is not set out in the bill of exceptions, and the objection is general, presents nothing for review by this court.

3. *Same; Presumptions On.*—Error must be affirmatively shown, it cannot be presumed to reversal.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by E. O. McCord against the Eagle Iron Co. and another, in assumpsit. There was judgment for plaintiff, and defendant Eagle Iron Co., appeals. Affirmed.

JOHN A. LUSK, for appellant. Contracts with other than the plaintiff and in no way connected with the suit

are not admissible.—*Berzell v. Maas,* 116 Ala. 68. It was not shown that McLean at the time of the making of the declaration was in the employment of the defendant, or in the transaction of business for it.—4 Mayf. 550; Id. 527; 72 Ala. 112; 20 Ala. 123. His declarations should, therefore, not have been admitted.

STREET & ISBELL, for appellee. The admission of testimony as to Stuart's agency was proper.—*Tenn. R. & N. Co. v. Kavanaugh,* 101 Ala. 1; *Reynolds v. Collins,* 78 Ala. 94; *Talladega Co. v. Peacock,* 67 Ala. 253; *Sullivan v. Sullivan,* 103 Ala. 371.

McCLELLAN, J.—This action was commenced in a justice's court by appellee against appellant and one Stewart. Both defendants filed pleas in abatement; the latter defendant being by agreement stricken, prsumably under his plea. After judgment the cause was by appeal brought to the circuit court.

The bill of exceptions recites that "the defendant renewed his motion made in the justice's court to dismiss said cause for want of jurisdiction. Said mot'on being tried on issue joined, the testimony was as follows." No motion of the character referred to—for that matter, of any kind—is set out in the transcript from the justice's court, or appears in the record or bill of exceptions before us. Certainly we cannot treat the motion mentioned as in fact the plea in abatement. The mere statement of the general nature of the motion in the bill is entirely too indefinite for this court to review the action of the circuit court in its rulings on the admissibility of testimony upon the trial of the motion attacking the jurisdiction of the court. We are not advised what averments the motion contained. Non constat, it may have borne allegations of alleged facts rendering admissible those shown by the testimony objected to by ap-

pellant. Issue was joined on the motion, whatever it contained in averment, and we apprehend that the defendant, having thus traversed its allegations, cannot complain of rulings admitting testimony not affirmatively shown by the record to be outside those allegations. From the judgment entry it appears that the plea in abatement of the defendant was determined against him; but the bill, in this respect, shows that the testimony admitted, and of the allowance of which the appellant complains and assigns as error, was addressed to and introduced under the issue joined on the motion mentioned. The record is silent as to any testimony offered in support of the plea in abatement. A judgment for the plaintiff was rendered on the plea in abatement. No judgment was rendered on the motion, though the bill shows that the jury returned a verdict on that issue for the plaintiff. Error must be affirmatively shown by the record. It will not be presumed.

After disposing of the matters above referred to the main trial was proceeded with, testimony introduced, and judgment rendered for the plaintiff. The bill recites that "the cause was further tried before the same jury on the merits on issues joined on defendant's pleadings, the following evidence being before the jury. * * *" This recital cannot be given the effect to bring up for review the action of the trial court on the admission of testimony adduced on the hearing of the motion to dismiss, above adverted to, and which testimony appears to have been treated as before the jury on the trial on the merits of the cause. To otherwise hold would be to interpolate into the quoted recital that the objections and exceptions set forth in the bill as made and taken on the trial on the motion to dismiss were carried forward as a rest for asserted error on the main trial. We repeat, error must be affirmatively shown, not left to pos-

sible inference, and much less can it be wrought out by assumption of acts of the trial court of which the record is silent.

On the main trial a letter was admitted over a general objection of appellant. The letter is described merely, not set out. Under the circumstances here present, the lower court will not be put in error because of its admission. Besides, the described letter does not appear, that we can discover, anywhere in the record.

This disposes of all questions urged in brief and argument by appellant's counsel. There is no reversible error in the. record, and the judgment is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.